UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUDY ZUMBRUN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:12-cv-446 |
| | ) |
| NATIONAL ASSET & RISK MANAGEMENT, LLC, | ) |
| | ) |
|        Defendant. | ) |

## OPINION AND ORDER

Before the Court in this Fair Debt Collection Practices Act ("FDCPA") case is Plaintiff Judy Zumbrun's Verified Motion for Alternate Service filed on March 13, 2013, asserting that the Defendant National Asset & Risk Management, LLC, has avoided service of process by her process server on six separate occasions. (Docket # 5.) Zumbrun asks that the Court enter an order permitting her to serve Defendant by alternate means. For the following reasons, Zumbrun's motion will be DENIED WITHOUT PREJUDICE.

*A. Factual and Procedural Background*

On December 17, 2012, Zumbrun filed her complaint in this matter, asserting that Defendant violated the FDCPA when attempting to collect a debt she allegedly owed. (Docket # 1.) Zumbrun represents in her complaint that Defendant is "registered as a limited liability company in the State of Pennsylvania" and is "engaged in the collection of debt within the State of Indiana." (Compl. ¶ 8.)

On January 2, 2013, Zumbrun attempted service, via a process server, on "National Asset & Risk Management, LLC" at 411 6th Street, Ambridge PA 15003—the address listed as its

registered office with the Pennsylvania Department of State. (Pl.'s Verified Mot. for Alternate Service Ex. A, B.)  The building, however, was vacant. (Pl.'s Verified Mot. Ex B.)

Zumbrun then conducted a "TLO search," which revealed that Plaintiff operated under the name "National Asset Management, LLC," with a listed address of 400 Rouser Rd., Coraopolis, PA 15108. (Pl.'s Verified Mot. Ex. C.)  The process server attempted service of the summons addressed to "National Asset & Risk Management, LLC" at the 400 Rouser address on six separate occasions between January 17, and February 5, 2013, but either "got voicemail" or had "no answer at [the] business or activity." (Pl.'s Verified Mot. Ex. D.)

On March 13, 2003, Zumbrun filed the instant motion for alternate service, contending that Defendant and its agent have "avoided service of process." (Pl.'s Verified Mot. 2.)  She asks the Court to enter an order permitting service on Defendant by certified mail without a return receipt requested, by FedEx with no signature required, or by leaving the summons on the door of Defendant's registered address. (Pl.'s Verified Mot. 3.)

### B.  Summary of Applicable Law

Federal Rule of Civil Procedure 4(h) governs service of process on limited liability companies, indicating that service may be accomplished:

(A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

In turn, Rule 4(e)(1) provides that service may be accomplished by following state law "in the state where the district court is located or where service is made[.]"  Thus, in this

instance, service on Defendant could be made pursuant to either Indiana or Pennsylvania law. *See NNDYM IN, Inc. v. UV Imports, Inc.*, No. 3:09-cv-129, 2011 WL 1225573, at *2 (S.D. Ind. Mar. 30, 2011).

With respect to Indiana, service upon an organization may be made "upon the executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." IND. TRIAL RULE 4.6(A)(1); *see, e.g.*, *NNDYM*, 2011 WL 1225573, at *3.  Service on this "proper person" must then be made in the manner for service upon individuals set forth in Indiana Trial Rule 4.1. IND. TRIAL RULE 4.6(B); *see NNDYM*, 2011 WL 1225573, at *3.

Pennsylvania Rule of Civil Procedure 400 states that, subject to certain exceptions, "original process shall be served within the Commonwealth only by the sheriff." *See Dubrey v. Izaguirre*, 685 A.2d 1391, 1394 (Pa. Super. Ct. 1996) (citing PA. R. C. P. 400); *see also Peterson v. State Farm Fire & Cas. Co.*, No. 2003-cv-4018, 2006 WL 4590928, at *218 (Pa. Comm. Pl. June 24, 2006) (citing PA. R. C. P. 400).  According to Pennsylvania Rule of Civil Procedure 424, service upon a limited liability company may be made by handing a copy of the summons and complaint to any of the following persons (provided the person is not a plaintiff in the action):

> (1) an executive officer, partner or trustee of the . . . entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the . . . entity, or
>
> (3) an agent authorized by the . . . entity in writing to receive service of process for it.

PA. R. C. P. 424.

*C. Analysis*

Here, the summons that Zumbrun attempted to serve was addressed to "National Asset & Risk Management, LLC." (Pl.'s Verified Mot. Exs. B, D.)  Zumbrun did not address the summons to an "executive officer" or an agent appointed to accept such service; instead, she merely addressed the summons to the limited liability company. Therefore, it likely would have been defective under Federal Rule of Civil Procedure 4(h)(1)(B) and Indiana Trial Rule 4.6(A). *See NNDYM*, 2011 WL 1225573, at *3 (finding a summons addressed simply to the corporation, not an executive officer or agent appointed to accept such service, defective under Indiana Trial Rule 4.6); *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind. Ct. App. 2001) (same).

Furthermore, all of Zumbrun's service attempts were by private process server, not the sheriff.  Therefore, such service may also have been defective under Pennsylvania law, since Pennsylvania Rule of Civil Procedure 400 provides that, absent some type of exception, original process in Pennsylvania must be served by the sheriff. *See, e.g.*, *Peterson*, 2006 WL 4590928, at* 218-19 (citing PA. R. C. P. 400).  In any event, Zumbrun does not suggest, much less cite supporting authority, that her attempted service was in accordance with Pennsylvania law.

Because all of Zumbrun's attempts at service appear inadequate under the applicable law, her motion for alternate service will be DENIED WITHOUT PREJUDICE.  She may renew her motion, if necessary, citing applicable federal, Indiana, or Pennsylvania authority, after she properly attempts service in accordance with Federal Rule of Civil Procedure 4(h)(1)(A) or (B).

### D.  Conclusion

For the foregoing reasons, Plaintiff's Verified Motion for Alternate Service (Docket # 5) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 28th day of March, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge